UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HILDA KREUZER,                                                    VERIFIED ANSWER

                                Plaintiff,                Jury Trial Demanded

      -against-                                                              Docket No.:
                                                               08 CV 02046
THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                                Defendant.                ECF CASE
------------------------------------------------------------------------X

        Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., by its attorneys, Ahmuty, Demers & McManus, Esqs., as and for its Verified Answer to plaintiff's Verified Complaint alleges as follows upon information and belief:

        FIRST:    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the verified complaint.

        SECOND:    Denies upon information and belief each and every allegation contained in paragraph designated "2" of the verified complaint.

        THIRD:    Admits each and every allegation contained in paragraph designated "3" of the verified complaint.

        FOURTH:    Denies upon information and belief each and every allegation contained in paragraph designated "4" of the verified complaint.

        FIFTH:    Admits each and every allegation contained in paragraph designated "5" of the verified complaint.

        SIXTH:    Denies upon information and belief each and every allegation contained in paragraph designated "6" of the verified complaint.

SEVENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "7" of the verified complaint.

EIGHTH:	Denies upon information and belief each and every allegation contained in paragraph designated "8" of the verified complaint.

NINTH:	Denies upon information and belief each and every allegation contained in paragraph designated "9" of the verified complaint.

TENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "10" of the verified complaint.

ELEVENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "11" of the verified complaint.

TWELFTH:	Denies upon information and belief each and every allegation contained in paragraph designated "12" of the verified complaint.

THIRTEENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "13" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FOURTEENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "14" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH:	Denies upon information and belief each and every allegation contained in paragraph designated "15" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

SIXTEENTH:   Denies upon information and belief each and every allegation contained in paragraph designated "16" of the verified complaint.

SEVENTEENTH:   Denies upon information and belief each and every allegation contained in paragraph designated "17" of the verified complaint.

EIGHTEENTH   Denies upon information and belief each and every allegation contained in paragraph designated "18" of the verified complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH:   That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH:   Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

TWENTY-FIRST:   If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SECOND:    Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

WHEREFORE, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., demands judgment dismissing the plaintiff's verified complaint on the merits; and if the plaintiff, HILDA KREUZER, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: New York, New York
       March 4, 2008

By: _____
BRIAN J. DONNELLY, ESQ. (BJD- 4759)
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  SAS 0212N8 BJD

STATE OF NEW YORK)
                            : SS.:
COUNTY OF NEW YORK)

BRIAN J. DONNELLY, ESQ., being duly sworn, deposes and says:

That he is a member of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for the defendant THE STOP & SHOP SUPERMARKET COMPANY LLC., in the above entitled action; that he has read and knows the contents of the foregoing VERIFEID ANSWER and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendants and papers and documents received by deponent from the defendants or their representative and which are now in his possession.

Deponent further says that the reason why this verification is made by deponent and not by the defendants is that the defendants are not within the County of New York, where deponent has his office.

                                                       BRIAN J. DONNELLY

Sworn To Before Me This
4th Day of March, 2008.

THERESA FIELDS
Notary Public, State of New York
No. 24-2011131
Qualified in Kings County
Commission Expires April 12, 2011