UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HILDA KREUZER,

                      Plaintiffs,

          -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                 Defendants
-----------------------------------------------------------------------X

NOTICE OF
MOTION

INDEX NO.:
08 CV 02046

Upon the affirmation of ERIN D. ROACH, affirmed on the 2nd Day of May, 2008, upon exhibits annexed hereto, and upon the pleadings and/or proceedings had herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC will move this before the Honorable Harold Baer, in the United States Court House, 500 Pearl Street, New York, New York, on the 2nd day of June, 2008, at 10:00 in the forenoon of that day or as soon thereafter as counsel can be heard for an Order granting defendants leave, as third party plaintiffs, to cause to be served upon ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS a summons and third party complaint.

Dated: New York, New York
      May 2, 2008

                                  /s/
                       ERIN D. ROACH, ESQ. (EDR- 8244)
                       Ahmuty, Demers & McManus
                       Attorneys for Defendant
                       THE STOP & SHOP SUPERMARKET
                       COMPANY LLC
                       123 William Street, 27th Floor
                       New York, New York  10038
                       (212) 513-7788
                       Our File No.:  SAS 0212N8 BJD

To:     Newman Anzalone & Associates, LLP
        97-45 Queens Blvd., 6th Floor
        Forest Hills, New York 11374

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HILDA KREUZER,

                     Plaintiffs,

             -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                   Defendants
------------------------------------------------------------------------X

                                AFFIRMATION IN
                                SUPPORT

                                INDEX NO.:
                                08 CV 02046

       ERIN D. ROACH, attorney at law, duly licensed to practice before the Courts in the

Eastern District of New York, makes the following statements under the penalty of perjury:

       1.      I am associated with the firm AHMUTY, DEMERS & McMANUS, ESQS., the

attorneys for the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, in the

referenced matter and am fully familiar with the facts and circumstances surrounding this

matter.

       2.      On or about December 8, 2007 the plaintiff, HILDA KREUZER, commenced an

action in the Supreme Court of Bronx County, State of New York, against THE STOP & SHOP

SUPERMARKET COMPANY LLC.   Copies of the Summons and Complaint are annexed

hereto as Exhibit "A".

       3.      On or about March 3, 2008, defendant removed this case to the United States

District Court for the Southern District of New York.   A copy of the Petition for Removal is

annexed hereto as Exhibit "B".   Annexed hereto as Exhibit "C" is a copy of defendants' Answer

to plaintiffs' Complaint.

4.      Plaintiff claims that she was caused to be injured on September 3, 2007 when the automatic entrance/exit doors at the Stop & Shop Store No. 503, located at 5716 Broadway, Bronx, New York struck her.  ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS were retained by THE STOP & SHOP SUPERMARKET COMPANY LLC to install and repair the automatic door system at the subject Stop & Shop store.  Moreover, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS did perform repairs on the subject automatic doors in 2006 and prior to the happening of plaintiff's accident.  As such, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS are obligated to the defendants for contribution and/or indemnification.

WHEREFORE, your affirmant respectfully requests that an Order be granted allowing the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, for leave, as third party plaintiff, to cause to be served upon ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS a summons and third party complaint, a copy of which is annexed hereto as Exhibit "D".

Dated: Albertson, New York
     May 2, 2008

 

                                             /s/
                        ERIN D. ROACH, ESQ. (EDR- 8244)
                        Ahmuty, Demers & McManus
                        Attorneys for Defendant
                        THE STOP & SHOP SUPERMARKET
                        COMPANY LLC
                        123 William Street, 27th Floor
                        New York, New York  10038
                        (212) 513-7788
                        Our File No.:  SAS 0212N8 BJD

Supreme Court of the State of New York
County of Bronx

Index No. 300 918-08
Filed 2/1/08

Plaintiff designates Bronx County
as the place of trial.

HILDA KREUZER,

                          *Plaintiff(s),*

The basis of venue is plaintiff's
residence.

-against-

THE STOP & SHOP SUPERMARKET
COMPANY LLC,

                          *Defendant(s).*

**SUMMONS**

Plaintiff resides at
Bronx County, State of New York

COUNTY OF BRONX

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 8, 2007

                    NEWMAN, ANZALONE & ASSOCIATES, LLP
                    *Attorneys for the Plaintiff(s)*
                    Office and Post Office Address
                    97-45 Queens Boulevard
                    6th Floor
                    Forest Hills, New York 11374

DEFENDANT'S ADDRESSES:

THE STOP & SHOP SUPERMARKET COMPANY LLC
c/o Secretary of State
Albany, New York

THE STOP & SHOP SUPERMARKET COMPANY LLC
5716 Broadway (Store #503)
Bronx, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------x

HILDA KREUZER,                    Plaintiff,          **VERIFIED COMPLAINT**

                                                     Index No.:

        -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                            Defendants.

-----------------------------------------x

        Plaintiff, by her attorneys, Newman, Anzalone & Associates,
LLP, complaining of the defendant, states to the Court and alleges
upon information and belief:

        1.    That at all times mentioned herein, plaintiff was and
still is a resident of the County of Bronx, City and State of New
York.

        2.    That upon information and belief, and at all times
hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET
COMPANY LLC, was and remains a domestic corporation organized and
existing by virtue of the laws of the State of New York.

        3.    That upon information and belief, and at all times
hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET
COMPANY LLC, was and remains a foreign corporation authorized to do
business within the State of New York.

        4.    That at all times hereinafter mentioned, the defendant,
THE STOP & SHOP SUPERMARKET COMPANY LLC, was and remains a
partnership doing business in the State of New York.

        5.    That upon information and belief, and at all times
hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET

02/22/2008 15:45 FAX                                                    @007/011

02/21/2008 10:19 FAX 617 770 6416        STOP & SHOP EXEC.              @006

COMPANY LLC, was and remains a business entity transacting business in the State of New York.

7. That at all times mentioned herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, maintained a place of business, i.e. a supermarket designated as store #503, located at 5716 Broadway, in the County of Bronx, City and State of New York.

7. That at all times mentioned herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, by its agents, servants and/or employees, possessed said lands and premises, including the electronic entrance/exit door(s) located thereat.

8. That at all times mentioned herein, the aforesaid store premises was under the control of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, by its agents, servants and/or employees, including the electronic entrance/exit door(s) located thereat.

9. That at all times mentioned herein, the aforesaid store premises was under the operation of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, by its agents, servants and/or employees, including the electronic entrance/exit door(s) located thereat.

10. That at all times herein mentioned, the aforesaid store premises was under the maintenance and supervision of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, by its agents, servants and/or employees, including the electronic entrance/exit door(s) located thereat.

11. That at all times mentioned herein, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was under a duty and obligation to maintain and keep in good repair all areas of said store premises, including all entrance/exit doors located thereat.

02/22/2008 15:45 FAX                                                    Ø008/011

02/21/2008 10:19 FAX 617 770 6416        STOP & SHOP EXEC.                    Ø007

12.    That on or about September 3, 2007, while the plaintiff, HILDA KREUZER, was attempting to exit said premises and using due care for her safety, suddenly and without any warning or notice, she was struck by the electronic entrance/exit door located thereat, causing her to sustain serious personal injuries.

13.    That at all times mentioned herein, the plaintiff, HILDA KREUZER, was a lawful patron within the store premises of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, at the implied request and invitation of the defendant.

14.    That for a long period of time prior to the 3rd day of September, 2007, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, breached the aforesaid duty by causing and permitting said electronic entrance/exit door to be and remain in an unsafe, dangerous and defective condition.

15.    That prior to the 3rd day of September, 2007, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, had knowledge of the unsafe and dangerous condition of said electronic entrance/exit door or that same had existed for such an unreasonable period of time that said defendant should have known of the existence of said condition in time to have made such condition safe before the occurrence of the accident alleged herein, all in breach of its aforesaid duty.

16.    That the accident and injuries resulting to the plaintiff therefrom were caused solely and wholly by reason of the negligence of the defendant as aforesaid, without any negligence on the part of the plaintiff contributing thereto.

17.    That solely by reason of the aforesaid, the plaintiff

sustained and suffered certain and severe permanent personal injuries, including, but not limited to, a severe shock to her nervous system, and said injuries are, in part, of a permanent nature, and caused and continue to cause the plaintiff to become sick, sore, lame, and disabled.

18. That solely by reason of the aforesaid, the plaintiff suffered severe pain and anguish, has been compelled to submit to medical care and treatment and was confined to a hospital, home and bed for substantial periods of time, thereby preventing her from attending to her duties and daily activities.

WHEREFORE, plaintiff, HILDA KREUZER, has sustained injuries and damages in a sum greater than the jurisdictional limits of any lower court and as such, demands judgment on all causes of action stated herein against the defendant.

Dated:    Forest Hills, New York
          December 8, 2007

                              Yours etc.,

                              Newman, Anzalone & Associates, LLP
                              BY:    GREGORY   S.   NEWMAN,   ESQ.
                              Attorney for Plaintiff(s)
                              97-45 Queens Boulevard
                              6th Floor
                              Forest Hills, N.Y. 11374
                              (718) 896-2700

d:\wpdoc\VIVIAN\WC\KREUZER.GSN

02/22/2008 15:45 FAX                                                    @010/011

02/21/2008 10:20 FAX 617 770 8416          STOP & SHOP EXEC.              @009

STATE OF NEW YORK, COUNTY OF QUEENS          ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,
☐ Certification by Attorney               certify that the within
                                          has been compared by me with the original and found to be a true and complete copy.
☑ Attorney's Affirmation state that I am the attorney(s) of record for the plaintiff in the within action;
     I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true
     to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those
     matters I believe it to be true.  The reason this verification is made by me and not by the plaintiff is because
     the plaintiff resides outside of the county in which I maintain my office.

          The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
DATED: /2/08/07

                                                            GREGORY E. NEWMAN, ESQ.


                                                            02/21/2008  09:30AM



INDEX NO.          YEAR
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

HILDA KREUZER,
                                                    PLAINTIFF(S),

-against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                                                    DEFENDANT(S).

## SUMMONS AND VERIFIED COMPLAINT

NEWMAN, ANZALONE & ASSOCIATES, LLP
*Attorneys for Plaintiffs*
97-45 Queens Boulevard
Forest Hills, New York 11374
(718) 896-2700

TO:

*Service of a copy of the within          is hereby admitted.*
Dated:
                                    Attorney for Defendant(s)

☐   NOTICE OF ENTRY          PLEASE TAKE NOTICE that the within is a (certified)
                             true copy of a
                             entered in the office of the clerk of the within named Court
                             on .

☐   NOTICE OF SETTLEMENT     PLEASE TAKE NOTICE that an Order of which the
                             within is a true copy will be
                             presented for settlement to the Hon.              , one of
                             the judges of the within named Court, on
Dated:                                                         at

                             NEWMAN, ANZALONE & ASSOCIATES, LLP
                             *Attorneys for Plaintiffs*
                             97-45 Queens Boulevard
                             Forest Hills, New York 11374
                             (718) 896-2700

                                               02/21/2008  09:30AM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
HILDA KREUZER,

                        Plaintiff,

     -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                       Defendant.
-----------------------------------------------------------------------X

**NOTICE
OF REMOVAL**

Index No.:
300933/08

PLEASE TAKE NOTICE, that a Petition of Removal, a copy of which is annexed hereto, removing the above captioned action, which is pending in the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York was filed on February 29, 2008 with the Clerk of said District Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1332.

Dated: New York, New York
      March 3, 2008

              By: _____
                   BRIAN J. DONNELLY, ESQ.
                   Ahmuty, Demers & McManus, Esqs.
                   Attorneys for Defendant
                   THE STOP & SHOP SUPERMARKET COMPANY LLC.
                   200 I.U. Willets Road
                   Albertson, New York  11507
                   (516) 294-5433
                   Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 02046

-------------------------------------------------------------X

HILDA KREUZER,

                                    Plaintiff,

        -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                                    Defendant.

-------------------------------------------------------------X

STATEMENT
PURSUANT TO
RULE 7.1

Jury Trial Demanded

Docket No.:

        Pursuant to Rule 7.1 of the Local Rules of the United States District Court, Southern

District of New York and to enable judges and magistrates of the Court to evaluate possible

disqualifications or recusal, the undersigned counsel for Defendant, THE STOP & SHOP

SUPERMARKET COMPANY LLC., private non-governmental parties, certify that the

following are parent corporations or are publicly held corporations that own ten percent of its

stock:

        Ahold U.S.A., Inc.
        Ahold American Holdings, Inc.

Dated: New York, New York
        February 26, 2008

                        By:     _____
                                BRIAN DONNELLY, ESQ. (BJD- 4759)
                                Ahmuty, Demers & McManus, Esqs.
                                Attorneys for Defendant
                                THE STOP & SHOP SUPERMARKET COMPANY LLC.
                                123 William Street, 27th Floor
                                New York, New York  10038
                                (212) 513-7788
                                Our File No.:  SAS 0212N8 BJD

08 CV 02046

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
HILDA KREUZER,

                              Plaintiff,

          -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                              Defendant.
--------------------------------------------------------------X

RECEIVED
FEB 29 2008
U.S.D.C. S.D. N.Y.
CASHIERS

PETITION FOR
REMOVAL

Jury Trial Demanded

Docket No.:

ECF CASE

          Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., petitioner for

the removal of this action from the Supreme Court of the State of New York, County of

Bronx, to the United States District Court, Southern District of New York, respectfully shows

this Honorable Court:

          **FIRST:**          Plaintiff commenced an action against the above named Defendant in a

Civil Action brought against it in the Supreme Court of the State of New York, County of

Bronx, entitled:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
--------------------------------------------------------------X
**HILDA KREUZER,**

                              **Plaintiff,**                    **Index No. 300933/08**

          **-against-**

**THE STOP & SHOP SUPERMARKET COMPANY LLC.,**

                              **Defendants.**
--------------------------------------------------------------X

A copy of the Summons and Complaint in this action is annexed hereto as **Exhibit "A"** and made a part hereof and upon information and belief, constitute all process, pleadings and orders allegedly served upon any party in this action.

**SECOND:**    Upon information and belief, Defendant The Stop & Shop Supermarket Company LLC., was served with process on or around February 20, 2008 through CSC Corp.

**THIRD:**    This is an action of civil nature in which the District Courts of the United States have been given original jurisdiction in that there exists diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.   Plaintiff's Complaint does not specify the amount of damages because under NY State CPLR Section 3017(c), a plaintiff in a personal injury matter filed in the Supreme Court of the State of New York is not permitted to assert the damages amount in the Complaint.  Before submitting these removal papers, your Affirmant spoke with plaintiff's counsel who advised that his client sustained a fractured hip.  Plaintiff's counsel further advised that his client was treated at Montefiore Hospital and then treated in a rehabilitation facility for tens days as an inpatient. These injuries, if proven, could result in a jury award in excess of $75,000. Accordingly, there exists original jurisdiction in the District Courts of the United States as provided in 28 U.S.C. Section 1332.

**FOURTH:**    Under the provisions of 28 U.S.C. Section 1441, the right exists to remove this Civil Action from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York, which embraces the place where this action is pending.

**FIFTH:**    This action involves a controversy between citizens of different states. The plaintiff is now and was at commencement of the action a citizen and resident of the State of New York.  The Stop & Shop Supermarket Company LLC is a foreign limited liability company at all times having its principal place of business at 1385 Hancock Street, Quincy, Massachusetts and having been registered as a limited liability company in the State of Delaware.

**SIXTH:**    In accordance with the requirements of 28 U.S.C. Section 1446 this Petition for Removal is filed within thirty (30) days after the service of the Summons and Complaint on the defendant.

**SEVENTH:**  Pursuant to the provisions of 28 U.S.C. Section 1446, defendant attaches herewith and incorporates herein by reference copies of the following items served in this action:

a)    Plaintiff's Summons and Complaint against defendant, for damages filed in the Supreme Court of the State of New York, County of Bronx, bearing index number 300933/08 marked as **Exhibit "A"**.

**EIGHTH:**    By reason of the foregoing, defendant desires and is entitled to have this action removed from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York, such being the District where said suit is pending.

**NINTH:**    Concurrent with the filing and service of this Petition for Removal, Defendant is serving this Petition for Removal upon the plaintiff's attorney, and filing a copy of this Petition for Removal with the clerk of the Court for the Supreme Court of the State of New York, County of Bronx.

WHEREFORE, defendants pray that the above entitled action now pending against it in the Supreme Court of the State of New York, County of Bronx, be removed therefrom that Court.

Dated: New York, New York
       February 26, 2008

By:    _____

BRIAN DONNELLY, ESQ. (BJD- 4759)
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HILDA KREUZER,                                    VERIFIED ANSWER

                                    Plaintiff,      Jury Trial Demanded

        -against-                                  Docket No.:
                                                   08 CV 02046
THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                                    Defendant.      ECF CASE
------------------------------------------------------------------------X

        Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., by its

attorneys, Ahmuty, Demers & McManus, Esqs., as and for its Verified Answer to plaintiff's

Verified Complaint alleges as follows upon information and belief:

        FIRST:     Denies having knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraph designated "1" of the verified complaint.

        SECOND:     Denies upon information and belief each and every allegation contained in

paragraph designated "2" of the verified complaint.

        THIRD:     Admits each and every allegation contained in paragraph designated "3" of

the verified complaint.

        FOURTH:     Denies upon information and belief each and every allegation contained in

paragraph designated "4" of the verified complaint.

        FIFTH:     Admits each and every allegation contained in paragraph designated "5" of

the verified complaint.

        SIXTH:     Denies upon information and belief each and every allegation contained in

paragraph designated "6" of the verified complaint.

SEVENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "7" of the verified complaint.

EIGHTH:    Denies upon information and belief each and every allegation contained in paragraph designated "8" of the verified complaint.

NINTH:    Denies upon information and belief each and every allegation contained in paragraph designated "9" of the verified complaint.

TENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "10" of the verified complaint.

ELEVENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "11" of the verified complaint.

TWELFTH:    Denies upon information and belief each and every allegation contained in paragraph designated "12" of the verified complaint.

THIRTEENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "13" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FOURTEENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "14" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "15" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

SIXTEENTH:          Denies upon information and belief each and every allegation contained in paragraph designated "16" of the verified complaint.

SEVENTEENTH:          Denies upon information and belief each and every allegation contained in paragraph designated "17" of the verified complaint.

EIGHTEENTH          Denies upon information and belief each and every allegation contained in paragraph designated "18" of the verified complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH:          That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH:          Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

TWENTY-FIRST:          If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SECOND:        Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

WHEREFORE, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., demands judgment dismissing the plaintiff's verified complaint on the merits; and if the plaintiff, HILDA KREUZER, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: New York, New York
       March 4, 2008

By:        _____
           BRIAN J. DONNELLY, ESQ. (BJD- 4759)
           Ahmuty, Demers & McManus, Esqs.
           Attorneys for Defendant
           THE STOP & SHOP SUPERMARKET COMPANY LLC.
           123 William Street, 27th Floor
           New York, New York  10038
           (212) 513-7788
           Our File No.:  SAS 0212N8 BJD

STATE OF NEW YORK)

                  : SS.:

COUNTY OF NEW YORK)

      BRIAN J. DONNELLY, ESQ., being duly sworn, deposes and says:

      That he is a member of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for the defendant THE STOP & SHOP SUPERMARKET COMPANY LLC., in the above entitled action; that he has read and knows the contents of the foregoing VERIFEID ANSWER and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

      Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendants and papers and documents received by deponent from the defendants or their representative and which are now in his possession.

      Deponent further says that the reason why this verification is made by deponent and not by the defendants is that the defendants are not within the County of New York, where deponent has his office.

                                       BRIAN J. DONNELLY

Sworn To Before Me This
4th Day of March, 2008.

THERESA FIELDS
Notary Public, State of New York
No. 24-8011121
Qualified in Kings County
Commission Expires Apr 12, 20 11.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HILDA KREUZER,                                                              JURY DEMAND

                                    Plaintiff,

            -against-                                                       Jury Trial Demanded

THE STOP & SHOP SUPERMARKET COMPANY LLC.,                                   Docket No.:
                                                                           08 CV 02046
                                    Defendant.
------------------------------------------------------------------X        ECF CASE


            PLEASE TAKE NOTICE, that the undersigned demands a trial by a jury composed of

6 persons in the above entitled action.

Dated: Albertson, New York
       March 4, 2008

                        By:     _____
                                BRIAN J. DONNELLY, ESQ.
                                Ahmuty, Demers & McManus, Esqs.
                                Attorneys for Defendant
                                THE STOP & SHOP SUPERMARKET COMPANY LLC.
                                123 William Street, 27th Floor
                                New York, New York  10038
                                (212) 513-7788
                                Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HILDA KREUZER,

                         Plaintiff,

       -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                        Defendant.
-------------------------------------------------------------------X

**DEFENDANT'S FIRST DEMAND FOR INTERROGATORIES**

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

      Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC., by its attorneys, AHMUTY DEMERS & McMANUS, demands that the plaintiff answer the following interrogatories within thirty (30) days pursuant to the Federal Rules of Civil Procedure, Rule 33:

1. State the date, time and location of the occurrence.

2. If the occurrence took place in the interior of the premises, give the floor number, room, stair, aisle or other details sufficient to locate the accident site; if upon a sidewalk or exterior of premises, the distance from the curb and building line and other fixed object.

3. Describe in detail how it is claimed the incident occurred.

4. Describe the acts and/or omissions constituting the negligence of the defendant named herein.

5. State every act which it will be alleged the defendant should have taken to have avoided the incident referred to in the complaint.

6. State all laws, rules, regulations and ordinances, which are claimed to be either applicable to the occurrence or claimed to have been violated by the defendant.

7. If the plaintiff claims that a dangerous, unsafe or defective condition was the cause of the incident:

    a)       describe the condition;

b)     set forth in what manner the condition described was dangerous, defective and/or unsafe;

c)     specify the date and time when the condition was caused or created; and

d)     set forth the identity of the person or company, which caused or created the condition.

8.     State whether the defendant:

a)     had actual or constructive notice of the condition alleged;

b)     if actual notice is claimed, state to whom and by whom such notice was given; the date, place and manner in which such notice was given; and

c)     if constructive notice is claimed, state how long the defective condition existed and the manner in which the defendant knew or should have known of the condition.

9.     Specify each injury claimed to have resulted in any disability and describe the manner and degree of disability.

10.     Describe the length of time confined to any hospital and bed or home.

11.     The name of every hospital, clinic or institution where any treatment or examination was rendered as a result of the claimed injuries.

12.     State whether plaintiff will claim lost wages as a result of the occurrence.

13.     If the answer to the above is affirmative, state the name and address of each employer; if self-employed, state nature of self-employment and business address and the period of time in which income was lost.

14.     The position held and/or types of work performed by each plaintiff.

15.     Separately state amounts claimed for:

a) physicians' services;

b) medications, supplies and x-rays;

c) nurse, therapist and chiropractic services;

d) hospital expenses; and,

e) any other related expenses, identify and detail.

16.     Concerning the incident alleged in the complaint, state whether or not the plaintiff complained to the defendant of the incident, the substance of the complaint, the name of the individual complained to and the date or dates upon which such complaint or complaints were made.

17. If the plaintiff is claiming recovery by reason of any contract:

    a)    if oral, state substance;

    b)    state the name of the individuals entering into the contract on behalf of the respective parties.

    c)    state the date upon which the contract was entered into;

    d)    state the term of the contract.

    e)    if the contract was written, provide a copy.

    f)    state any alleged breach of contract, indicating:

        (i).   the names of each party in breach;

        (ii).  all acts constituting said breach; and

        (iii). the date upon which each breach occurred.

18. State precisely how the plaintiff has computed the damages referred to in the complaint, itemizing separately each element thereof.

Dated: Albertson, New York
       March 4, 2008

By: _____

BRIAN J. DONNELLY, ESQ.
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York 10038
(212) 513-7788
Our File No.: SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HILDA KREUZER,

                                              Plaintiff,

                    -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                                              Defendant.
-----------------------------------------------------------------------X

DEMAND FOR
COLLATERAL
SOURCE INFORMATION

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

 

**PLEASE TAKE NOTICE**, that you are hereby required to furnish to the undersigned within thirty (30) days hereof pursuant to Fed. R. Civ. P. 34 all documents, bills, invoices, receipts and/or cancelled checks concerning indemnification, payment and/or reimbursements, in whole or in part, which plaintiff has received from collateral sources, including but not limited to insurance, social security, workers compensation or employee benefit programs for the cost of medical care, custodial care, rehabilitation services, loss of earnings and other economic loss which the plaintiffs will claim as special damages in this action.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with the above mentioned request will render the plaintiff subject to available provisions provided under the Fed. R. Civ. P. 34.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand and should any of the information requested become available or known in the future, then you are required to furnish same at such time.

Dated:  Albertson, New York
        March 4, 2008

By:  _____
     BRIAN J. DONNELLY, ESQ.
     Ahmuty, Demers & McManus, Esqs.
     Attorneys for Defendant
     THE STOP & SHOP SUPERMARKET COMPANY LLC.
     123 William Street, 27th Floor
     New York, New York  10038
     (212) 513-7788
     Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HILDA KREUZER,

                          Plaintiff,

       -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                       Defendant.
-------------------------------------------------------------------X

NOTICE FOR
DISCOVERY
AND INSPECTION

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

     **PLEASE TAKE NOTICE** that the undersigned hereby demands that the plaintiff produce

for discovery and inspection pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34 with leave to

photocopy, at the office of the undersigned on April 4, 2008, at 9:30 a.m. the following:

1.     The names and addresses of all persons who were eyewitnesses to the occurrence. (Zellman v. Metropolitan Transit Authority 40 AD2d 248)

2.     The names and addresses of all persons who will testify on the issue of notice, actual or constructive, concerning the condition of the premises as alleged in the Complaint. (Zayas v. Morales, 45 AD2d 610)

3.     Any written or recorded statement taken of this party or its agents, servants, employees or representatives by any party or any party's representative.

4.     All photographs which any party will allege fairly and accurately depict the condition of the premises at the time and place of the happening of the occurrence.

Dated: Albertson, New York
       March 4, 2008

              By:          _____
                         BRIAN J. DONNELLY, ESQ.
                         Ahmuty, Demers & McManus, Esqs.
                         Attorneys for Defendant
                         THE STOP & SHOP SUPERMARKET COMPANY LLC.
                         123 William Street, 27th Floor
                         New York, New York  10038
                         (212) 513-7788
                         Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HILDA KREUZER,

                          Plaintiff,

        -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                        Defendant.
------------------------------------------------------------------X

NOTICE DECLINING
SERVICE VIA
ELECTRONIC MEANS

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

**PLEASE TAKE NOTICE,** that the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, hereby decline receipt of service of legal papers of any type whatsoever by facsimile or other electric means.

Dated:  Albertson, New York
        March 4, 2008

               By:      _____
                        BRIAN J. DONNELLY, ESQ.
                        Ahmuty, Demers & McManus, Esqs.
                        Attorneys for Defendant
                        THE STOP & SHOP SUPERMARKET COMPANY LLC.
                        123 William Street, 27th Floor
                        New York, New York  10038
                        (212) 513-7788
                        Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HILDA KREUZER,

                             Plaintiff,

        -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                             Defendant.

------------------------------------------------------------------X

NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

       **PLEASE TAKE NOTICE**, pursuant to Fed. R. Civ. P. 30, the deposition upon oral

questions of the persons named will be taken as follows:

| | | |
|---|---|---|
| **TO BE EXAMINED** | : | All Parties |
| **DATE, TIME & PLACE** | : | June 18, 2008 |
| | | 10:00 a.m. |
| | | Ahmuty, Demers & McManus, Esqs. |
| | | 123 William Street, 26th Floor |
| | | New York, New York 10038 |

       **PLEASE TAKE NOTICE** that testimony will be taken with respect to all relevant

facts & circumstances including negligence, contributory negligence, comparative negligence,

liability & damages in connection with the accident which is the subject matter of this lawsuit.

       **PLEASE TAKE FURTHER NOTICE** that plaintiff is to produce the following items

at the deposition pursuant to Fed. R. Civ. P. 34:

      1.     All medical bills and any receipts, cancelled checks or estimates relating to special damages.

      2.     If lost earnings are claimed, Federal and State Income Tax returns covering the year when the incident occurred and for two years prior thereto and one year thereafter.

3.   Any contracts, leases or documents which will be relied upon with respect to any claim of any party to this action.

4.   Any statement given by or on behalf of the party serving this notice.

5.   Any and all exhibits, papers and/or documents relative to this lawsuit and the underlying claim.

Dated:  Albertson, New York
        March 4, 2008

By: _____

BRIAN J. DONNELLY, ESQ.
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HILDA KREUZER,

                           Plaintiff,

        -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                          Defendant.
------------------------------------------------------------------X

DEMAND FOR
EXPERT WITNESS
INFORMATION

Jury Trial Demanded

Docket No.:
08 CV 02046

ECF CASE

    **PLEASE TAKE NOTICE** that it is demanded pursuant to Rule 26(2)(B) of the Fed.

R. Civ. P., that all parties are hereby required to serve upon the undersigned within twenty

(20) days of the date of this notice, the following:

    1.    State whether there is any person you expect to call as an expert witness at the time of the trial of this action.

    2.    If the answer to the preceding is in the affirmative, please state in detail as to each and every such expert person:

        a)    His identity.

        b)    His address.

        c)    His field of expertise.

        d)    Any sub-specialties of the witness within his field of expertise.

        e)    In reasonable detail, the subject matter on which each and every expert is expected to testify.

        f)    In reasonable detail, the substance of the facts and opinions to which each and every expert is expected to testify.

        g)    In reasonable detail, the qualifications of each and every expert witness.

h) In reasonable detail, a summary of the grounds for each expert's opinion.

i) Names, dates and publishers of any treatises, books, articles or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify. For each published article and essay, state the title of the book, journal or other work in which it can be found and the name and address of the publisher and date of publication.

3.   State whether any expert, including but not limited to the person or persons identified in the preceding demands at any time made an examination, analysis, inspection or test of:

a) The premises or the area involved in the accident.
b) Any other item of real evidence which may be relevant to determining the cause of the accident or the damages alleged in the complaint.

4.   If the answers to any of the preceding demands is in the affirmative, for each such person state:

a) The determination, if any, as to whether or not the product or item inspected was manufactured consistent with specifications.

5.   Has the object or product identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

6.   Did anyone assist the persons identified in the preceding demands in the performance of the examination, inspection and analysis of tests?

7.   If the answer to any of the preceding demands is in the affirmative:

a) Identify each person who gave such assistance.

b) Describe the type and amount of assistance given.

c) State the dates on which such assistance given.

8.   Did any of the persons identified in any of the preceding demands submit any reports based upon the test examinations conducted?

9.   If any of the preceding demands are in the affirmative, state:

a)      A description of each report that was made.

b)      The date that each report was made.

c)      Identify the person to whom each report was submitted.

d)      Identify the persons who have present custody of each report.

10.    Attach a copy of any reports identified in response to any of the preceding demands.

11.    Defendant reserves the right to take the deposition of plaintiff's experts.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to respond to this

demand within twenty (20) days, a motion will be made pursuant to Fed. R. Civ. P. 26 for

sanctions and/or to compel compliance with same.

Dated:  Albertson, New York
        March 4, 2008

By:

BRIAN J. DONNELLY, ESQ.
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HILDA KREUZER,                                            NOTICE RE: MEDICALS

                    Plaintiff,

      -against-                                        Jury Trial Demanded

THE STOP & SHOP SUPERMARKET COMPANY LLC.,                 Docket No.:
                                                         08 CV 02046
                Defendant.
-----------------------------------------------------------------------X   ECF CASE

**PLEASE TAKE NOTICE**, that the plaintiff is required to serve upon the undersigned within twenty (20) days following receipt of this notice pursuant to Fed. R. Civ. P. 34 the following:

1.    The names and addresses of all physicians or other health care providers who have treated, examined or consulted with the plaintiffs for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the complaint, including the date of such treatment or examination.

2.    Detailed narrative reports of all physicians and health care providers who will testify at the trial of this action regarding their treatment and care of, or consultation with the plaintiffs. Said reports must identify any other medical documentation, including x-rays and technicians reports relied upon or intended to be offered as evidence in the plaintiffs behalf.

3.    Duly executed and acknowledged written authorizations of the plaintiffs permitting the undersigned to secure the records, charts, bills and other documentation, including x-rays, of:

    a)  all hospitals, clinics and/or other health care facilities in which the injured plaintiffs herein was treated or confined due to the occurrence set forth in the complaint; and

    b)  all treating, examining and or consulting physicians and/or other health care providers relating to the injured plaintiffs herein (Pizzo v. Bunora, 89 A.D.2d 1013, 454 N.Y.S.2d 455); and

c) all pharmacies from which the injured plaintiffs herein purchased prescription medication for a period of one (1) year preceding the underlying occurrence to the present; and

d) all hospitals or other facilities, in which the plaintiff was treated or confined and all physicians and/or health care providers who treated, examined or consulted with the injured plaintiff prior to the underlying occurrence for any injury or condition claimed to have been aggravated or exacerbated in the underlying occurrence or for any prior injury or condition affecting the same, related or adjacent body parts claimed to have been injured in the occurrence underlying this action.

The foregoing HIPAA compliant authorizations shall be directed to the appropriate hospital, physician, etc., with complete address of same and indicating any hospital or account number, dates of confinement or treatment and issued and executed in favor of the undersigned not more than thirty (30) days before receipt by the undersigned. The authorizations shall expire upon completion of the case.

**PLEASE TAKE FURTHER NOTICE**, that the defendant will move to preclude the offer into evidence on behalf of the plaintiffs the testimony of any physician whose report has not been supplied in response hereto and as required by the applicable provisions of the Fed, R. Civ. P. and to preclude the offer into evidence of any demanded medical documentation or materials unless there has been full compliance with this demand.

Dated: Albertson, New York
       March 4, 2008

By: _____
BRIAN J. DONNELLY, ESQ.
Ahmuty, Demers & McManus, Esqs.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET COMPANY LLC.
123 William Street, 27th Floor
New York, New York  10038
(212) 513-7788
Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HILDA KREUZER,                                                              DEMAND PURSUANT
                                                                           TO CPLR 3017(c)
                                      Plaintiff,

            -against-                                                       Jury Trial Demanded

THE STOP & SHOP SUPERMARKET COMPANY LLC.,                                   Docket No.:
                                                                           08 CV 02046
                                      Defendant.
-------------------------------------------------------------------X        ECF CASE


          **PLEASE TAKE NOTICE**, that demand is hereby made that you serve upon the

undersigned within fifteen (15) days hereof, a supplemental allegation stating the total damages to

which the plaintiff deems herself entitled in this action pursuant to CPLR Section 3017(c).

Dated:  Albertson, New York
        March 4, 2008

                              By:   _____
                                    BRIAN J. DONNELLY, ESQ.
                                    Ahmuty, Demers & McManus, Esqs.
                                    Attorneys for Defendant
                                    THE STOP & SHOP SUPERMARKET COMPANY LLC.
                                    123 William Street, 27th Floor
                                    New York, New York  10038
                                    (212) 513-7788
                                    Our File No.:  SAS 0212N8 BJD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HILDA KREUZER,

|                                        |                                   |
|                                        |                                   |

                       Plaintiffs,                                       THIRD PARTY
                                                             SUMMONS

            -against-                                      INDEX NO.:
                                                             08 CV 02046

THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                       Defendants
------------------------------------------------------------------------X
THE STOP & SHOP SUPERMARKET COMPANY LLC.,

                    Third Party Plaintiff,

            -against-

ADC INDUSTRIES INC., and
AIRLOCK DOOR CONTROLS

                  Third Party Defendants.
------------------------------------------------------------------------X

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

      You are hereby summoned and required to serve Newman, Anzalone & Associates, LLP,

plaintiff's attorney(s) whose address is 97-45 Queens Boulevard, 6th Floor, Forest Hills, New

York 11374, and upon Ahmuty, Demers and McManus, attorneys for THE STOP & SHOP

SUPERMARKET COMPANY LLC, defendant and third party plaintiff, and whose address is

200 I.U. Willets Road, Albertson, New York 11507, an answer to the annexed third-party

complaint, which are hereby served upon you, within 20 days after the service of this summons

upon you exclusive of the day of service. If you fail to do so, judgment by default may be taken

against you for the relief demanded in the third-party complaint.  There is also served upon you

herewith a copy of the complaint of the plaintiff which you may but are not required to answer

_____

CLERK OF THE COURT

Dated_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HILDA KREUZER,

                            Plaintiffs,

            -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                            Defendant
-----------------------------------------------------------------------X
THE STOP & SHOP SUPERMARKET COMPANY LLC,

                       Third Party Plaintiff,

            -against-

ADC INDUSTRIES, INC., and
AIRLOCK DOOR CONTROLS

                     Third Party Defendants.
-----------------------------------------------------------------------X

**THIRD PARTY**
**COMPLAINT**

INDEX NO.:
08 CV 02046

      Defendant/Third-Party Plaintiff, THE STOP & SHOP SUPERMARKET COMPANY LLC, by its attorneys, AHMUTY, DEMERS & McMANUS, ESQS., as and for its Third-Party Complaint against ADC INDUSTRIES, INC., and AIRLOCK DOOR CONTROLS allege upon information and belief, as follows:

      FIRST:      That on September 3, 2007, third-party defendant, ADC INDUSTRIES, INC. was, and still is, a domestic corporation authorized to do business in the State of New York.

      SECOND:     That on September 3, 2007, third-party defendant, ADC INDUSTRIES, INC. was and still is a foreign corporation authorized to do business in the State of New York.

THIRD:    That on September 3, 2007, third-party defendant, AIRLOCK DOOR CONTROLS was, and still is, a domestic corporation authorized to do business in the State of New York.

FOURTH:    That on September 3, 2007, third-party defendant, AIRLOCK DOOR CONTROLS was and still is a foreign corporation authorized to do business in the State of New York.

FIFTH:    That on or about December 8, 2007 the plaintiff, HILDA KREUZER commenced an action in the Supreme Court of Bronx County, State of New York, against THE STOP & SHOP SUPERMARKET COMPANY, LLC, and defendant/third-party plaintiff beg for leave to refer to the Summons and Complaint, which are annexed hereto as Exhibit "A" as if same were fully set forth at length herein.  On March 3, 2008, defendant/third-party plaintiff removed this case to the United States District Court for the Southern District of New York.  A copy of the Petition for Removal is annexed hereto as Exhibit "B".  Additionally, annexed hereto as Exhibit "C" is copy of defendant/third-party plaintiff' Answer to plaintiffs' Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS ADC INDUSTRIES INC. And AIRLOCK DOOR CONTROLS.

SIXTH:    Defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "FIRST" through "FIFTH" as if fully set forth herein.

SEVENTH:    Upon information and belief, prior to September 3, 2007, third-party defendants ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS were retained to perform installation, maintenance, inspection and repair services of the automatic doors at the property known as the Stop & Shop Store # 503, located at 5716 Broadway, Bronx, New York.

EIGHTH:     Upon information and belief, in 2006, and prior to September 3, 2007, third-party defendants ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS did perform repairs to the automatic doors at the property known as the Stop & Shop Store # 503, located at 5716 Broadway, Bronx, New York.

NINTH:     That in plaintiff's Complaint, the plaintiff HILDA KREUZER alleges that she was injured at the premises known as the Stop & Shop Store # 503, located at 5716 Broadway, Bronx, New York when the automatic entrance/exit doors stuck her.

TENTH:     That if plaintiff sustained any of the injuries and damages alleged in the Complaint due to any statutory violation, negligence and/or culpable conduct or want of care, other than the negligence or want of care on the part of plaintiff, all of which is denied by Defendant/Third-Party Plaintiff THE STOP & SHOP SUPERMARKET COMPANY LLC, said injuries and damages were sustained wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of contract by Third-Party Defendants ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS their agents, servants and/or employees with respect to Plaintiff's accident.

ELEVENTH: In addition to the allegations set forth in Plaintiffs' Complaint, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS were negligent in the performance of their work; failed to properly, install, maintain, inspect and repair the automatic door system at the subject premises; created a dangerous condition; employed inadequate and/or incompetent employees; failed to properly provide training and supervision of its employees; failed to provide adequate warnings; and was otherwise negligent in installing and repairing of the aforementioned fire suppression system.

TWELFTH:   That by reason of the foregoing, if Plaintiff shall recover damages as and from Defendant/Third-Party Plaintiff, then Third-Party Defendants, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS shall be liable to THE STOP & SHOP SUPERMARKET COMPANY LLC for all said damages and/or for such portion thereof as the Court may determine to be the proportionate share of liability based on the theory of contribution, together with defense costs, attorney fees, interest and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS

THIRTEENTH:      That Defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "FIRST" through "TWELFTH" as if fully set forth herein.

FOURTEENTH:     That if Plaintiff was caused to sustain damages at the time and place alleged in Plaintiff's Complaint, through any carelessness, recklessness and negligence, other than Plaintiff's own conduct, then said damages arose in whole or in part from the active and affirmative negligence, carelessness, recklessness and/or breach of common law and/or statutory duty of Third-Party Defendants ADC INDUSTRIES, INC. and AIRLOCK DOOR CONTROLS, its agents, servants, and/or employees without negligence on the part of Defendant/Third-Party Plaintiff contributing thereto.

FIFTEENTH: That ADC INDUSTRIES INC., and AIRLOCK DOOR CONTROLS were negligent in the performance of their work; failed to properly supervise, control and inspect the work, equipment and devices; breached contractual duties in connection with the performance of the work at the premises; created a dangerous condition; employed inadequate

and/or incompetent employees; failed to properly provide training and supervision of its employees; failed to provide adequate warnings; failed to provide proper inspections; and was otherwise negligent in installing, maintaining, repairing and inspecting the automatic door system at the aforementioned premises.

SIXTEENTH: That by reason of Third-Party Defendant's sole negligence, carelessness and recklessness, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS will be liable over and for common law indemnification to Defendant/Third-Party Plaintiff THE STOP & SHOP SUPERMARKET COMPANY LLC for the full amount of any recovery claimed or obtained as against the Defendant/Third-Party Plaintiff THE STOP & SHOP SUPERMARKET COMPANY LLC , including interests, costs, disbursements and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS.

SEVENTEENTH:    That defendant/third party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "FIRST" through " SIXTEENTH" as if fully set forth herein.

EIGHTEENTH:    Prior to September 3, 2007, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS entered into a written contract to perform installation, maintenance, repair and inspection services including but not limited to installing, maintaining, repairing and inspecting the automatic door system at the  as the Stop & Shop Store # 503, located at 5716 Broadway, Bronx, New York.

NINETEENTH:    That the contract between THE STOP & SHOP SUPERMARKET COMPANY LLC and ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS contained an indemnity clause whereby ADC INDUSTRIES, INC. and AIRLOCK

DOOR COTNROLS agreed to indemnify and save THE STOP & SHOP SUPERMARKET COMPANY LLC harmless against all claims of damages to persons or properties caused by ADC INDUSTRIES INC.'S and AIRLOCK DOOR CONTORLS' operations thereunder.

TWENTIETH:     The contract was in full force and effect at the time of Plaintiff's alleged accident on September 3, 2007.

TWENTY-FIRST:     That by reason of the foregoing, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS will be liable over and for contractual indemnification and/or contribution to the Defendant/Third-Party plaintiff, THE STOP & SHOP SUPERMARKET COMPANY LLC, for the full amount of any recovery claimed or obtained as against the Defendant/Third-Party Plaintiff, including interest, disbursements, costs and attorney fees.

**AS FOR A FOURTH CAUSE OF ACTION AGAINST
ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS**

TWENTY- SECOND:     Defendant/Third-Party Plaintiff, THE STOP & SHOP SUPERMARKET COMPANY, LLC, repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTY-FIRST" with the same force and effect as if same were more fully set forth at length herein.

TWENTY-THIRD:  Prior to the date of the accident or September 3, 2007, ADC INDUSTRIES INC., and AIRLOCK DOOR CONTROLS entered into a contract with Defendant/Third-Party Plaintiff THE STOP & SHOP SUPERMARKET COMPANY LLC whereby ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS would perform certain work on the subject premises.  The contract was in full force and effect at the time of Plaintiff's alleged accident.

TWENTY-FOURTH:   Pursuant to that contract, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS were obligated to procure insurance for the benefit of THE STOP & SHOP SUPERMARKET COMPANY LLC, and name THE STOP & SHOP SUPERMARKET COMPANY LLC as an additional insured in the policies to be procured for its benefit.

TWENTY-FIFTH:   That Third-Party Defendants ADC INDUSTRIES, INC. and AIRLOCK DOOR CONTROLS breached said contract in failing to procure the requisite insurance coverage.

TWENTY-SIXTH:   That by reason of the foregoing, in the event Plaintiff obtains a judgment against THE STOP & SHOP SUPERMARKET COMPANY LLC, then Third-Party Defendants ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS will be liable to Defendant/Third-Party Plaintiff for the full amount of any damages, including all interest, costs, disbursements and attorney fees.

**WHEREFORE**,   Defendant/Third-Party   Plaintiff,   THE   STOP   &   SHOP SUPERMKARET COMPANY LLC, demands judgment dismissing the complaint of the plaintiff together with costs and disbursements and further demands that in the event that Defendant/Third-Party Plaintiff is liable to the plaintiff, then Defendant/Third-Party Plaintiff shall have judgment over and against Third-Party Defendants, ADC INDUSTRIES INC. and AIRLOCK DOOR CONTROLS for the full amount of any judgment that may be recovered by plaintiff on the basis of indemnity and/or contribution in such amounts as a jury or this Court may direct, together, with interest, costs, disbursements, and expenses of this action including attorneys' fees.

Dated: Albertson, New York
      May 2, 2008

ERIN D. ROACH, ESQ. (EDR - 8244)
Ahmuty, Demers & McManus
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET
COMPANY LLC
200 I.U. Willets Road
Albertson, New York  11507
(516) 294-5433
Our File No.:  SAS 0212N8 BJD