AHMUTY, DEMERS & MCMANUS

ATTORNEYS AT LAW

750 ROANOKE AVENUE
RIVERHEAD NEW YORK 11001
(631)727-2340

200 I. U. WILLETS ROAD
ALBERTSON, NEW YORK 11507

123 WILLIAM STREET
NEW YORK, NEW YORK 10038
(212) 513-7788

689 MAMARONECK AVENUE
MAMARONECK, NEW YORK 10543
(914) 835-5388

(516) 294-5433

FACSIMILE (516) 294-5387

65 MADISON AVENUE, SUITE 100
MORRISTOWN, NEW JERSEY 07960
(973) 993-1900

May 7, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08
```

The Honorable Harold Baer
500 Pearl Street
Room 2230
New York, New York 10007

Re:  File No.    :  001/53827/01
     Claimant    :  Hilda Kreuzer
     Client      :  The Stop & Shop Supermarket Company LLC.
     D/Loss      :  9/3/07
     Our File No.:  SAS 0212N8 BJD

Dear Judge Baer:

This office represents the Defendant, Stop & Shop Supermarket Company LLC in connection with the above referenced matter. As you may recall, plaintiff in this action alleges that she was caused to suffer personal injury when the automatic doors at the subject Stop & Shop supermarket struck her. As you may also recall, we have decided to commence an action against the company that installed and performed repairs on the subject doors. To that end, I have served and filed a motion seeking leave for our office to commence a third-party action against said company.

As we informed you during the May 1, 2008 conference, the company that installed and performed repairs on the subject doors is a New York Corporation. While we originally believed that our impleading a New York Corporation would defeat diversity jurisdiction, in that the Plaintiff is a New York resident, and while we represented to the Court on May 1, 2008 that we would therefore be compelled to remove the instant action back to State Court, our research in preparation to remove this action has indicated otherwise.

Specifically, with regard to impleader actions, it is generally held that where the federal court has jurisdiction of the original suit, a defendant seeking to implead a third party under Fed R. Civ P. Rule 14(a) need not show independent grounds of jurisdiction. Rather, third party claims are viewed as ancillary to the main claim for jurisdictional purposes. See Schwab v Erie Lackawanna RR Co. (3rdCir. 1971), 5438 F2d 62. Thus, in a diversity case a defendant can

implead a citizen of the same state as the plaintiff. See Fawvor v Texaco, Inc. (5th Cir. 1977) 546 F2d 636. In light of the foregoing, defendant Stop & Shop Supermarket Company LLC has elected to remain in federal court and requests that a pre-trial conference be scheduled to set a discovery schedule.

I appreciate your attention to this matter, and I apologize for any inconvenience this has caused the Court. Please feel free to contact me with any comments or questions you may have regarding this matter.

Very truly yours,

ERIN D. ROACH
(646) 536-5737

EDR

CC: Newman, Anzalone & Associates, LLP
Attorneys for Plaintiff
97-45 Queens Blvd., 6th Floor
Forest Hills, New York 11374

I'm glad to know this last request I scheduled another PTC & [illegible] a fully [illegible] motion - & you've researched the matter & share your view not all no 2d circuit decisions which gives me some pause - there must I there are any [illegible] until [illegible] your brief - after or at this time I decide & if I share your view I will set a date for a new PTC

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 5/7/08

Endorsement:

    I'm glad to know this but before I schedule another PTC I'd like to see a fully briefed motion. I have researched the matter and share your view but see no 2d Circuit decisions which gives me some pause.  I trust if there are any they will be your brief after or at the time I decide and if I share your view I will set a date for a new PTC.